UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL STEVE COX, | ) | |
| Plaintiff, | ) | 3:11-cv-00619-LRH-VPC |
| vs. | ) | **SCREENING ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| Defendants. | ) | |

This action is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a state prisoner. By order filed September 13, 2011, the complaint was dismissed with leave to amend because it was not submitted on the court-approved form and was illegible. (ECF No. 3). On September 23, 2011, plaintiff filed an amended complaint (ECF No. 4), which the Court now screens.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."

2

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Screening of the Amended Complaint**

Plaintiff brings action against the following persons: Governor Brian Sandoval, Secretary of State Ross Miller, State Attorney General Masto, and Correctional Officers Dial, Cool, Kim, and Torres. Plaintiff seeks monetary relief.

**A. Unauthorized Deprivation of Property Claims**

In the single count of the amended complaint, plaintiff alleges that defendants Cool, Kim, and Torres wrongfully threw away his shower sandals. An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer,* 468 U.S. 517, 533-534 (1984). In this instance, plaintiff alleges that he filed claims and grievances with prison officials for the return of his property. The grievance process is sufficient to satisfy due process requirements concerning the damage of plaintiff's property. The due process claim against defendants fails to state a claim for a violation of plaintiff's constitutional rights. Count I is dismissed with prejudice.

**B. Supervisory Liability Claims**

Plaintiff brings action against Governor Brian Sandoval, Secretary of State Ross Miller, and

3

State Attorney General Masto, presumably in their supervisory capacity.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Moreover, the United States Supreme Court has rejected the idea that "knowledge and acquiescence" of subordinates' conduct is enough to hold supervisory officials liable under § 1983.  *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Id.*  Even under the Ninth Circuit's recent holding in *Starr v. Baca*, No. 09-55233, at *15, 2011 WL 2988827 (9th Cir. July 25, 2011), an inmate sufficiently alleges a supervisory liability claim of deliberate indifference only where he alleges that a correctional official failed to act to protect inmates under his care, despite his knowledge that they were in danger.  *Starr v. Baca*, No. 09-55233, at *8-15, 2011 WL 2988827.  There is no indication from plaintiff's allegations that defendants Sandoval, Miller, and Masto had the requisite level of knowledge or participation in any alleged violation of plaintiff's rights to state a claim against them for supervisory liability.  These defendants are dismissed with prejudice.

**III.  Conclusion**

  **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **DENIED.**

///

///

///

**IT IS FURTHER ORDERED** that the amended complaint (ECF No. 4) is **DISMISSED WITH PREJUDICE**, in its entirety as to all defendants, for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 4th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE